IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ROBERT DAVIS, INDIVIDUALLY AND AS HEIR AT LAW TO THE ESTATE OF JESSIE L. DAVIS, DECEASED; AND JOYCE L. DAVIS<br><br>    Plaintiffs<br><br>VS.<br><br>STRATEGIC ENVIRONMENTAL & ENERGY RESOURCES, INC.<br><br>    Defendant | §§§§§§§§§§§§§§§ | CIVIL ACTION NO._____ |

**PLAINTIFFS' ORIGINAL COMPLAINT**

Plaintiffs herein file their Original Complaint complaining of Defendant Strategic Environmental & Energy Resources, Inc. and in support of their causes of action, will respectfully show the following:

**I.  THE PARTIES**

1.1   Plaintiff Robert Davis is the surviving spouse of JESSIE L. DAVIS, Deceased, and is a lawful Texas resident. He brings suit individually for the wrongful death of his wife and for her conscious pain and suffering under the Texas Wrongful Death and Survival Acts.  No estate is required to be opened to pursue the Survival Action under Texas law.

1.2   Joyce L. Davis is the surviving mother of JESSIE L. DAVIS and is a lawful Texas resident.

1.3   Defendant Strategic Environmental & Energy Resources, Inc. ("SEER") is foreign corporation with its principal place of busienss in Colorado. SEER does substantial business and sales in Texas. SEER may be served by serving its registered

agent for service of process – Joseph John Combs III, 751 Pine Ridge Road, Golden, CO 80403, United States. Service shall be accomplished at this address by personal service and/or by certified mail, return receipt requested.

## II. Jurisdiction

2.1     The Court has diversity jurisdiction over this cause of action because it is a cause of action between citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  28 U.S.C. § 1332(a)(1).

2.2     The Court has specific personal jurisidction over SEER because the claims against these entities arise out of its business activities and employment of individuals within the State of Texas.

2.3     The Court has general personal jurisdiction over all SEER because SEER maintains continuous and systematic contacts with the State of Texas, and continually markets to, directs to, and sales to consumers and businesses in the State of Texas.

2.4     SEER has purposefully availed itself of the privileges and benefits of conducting business in Texas.

## III. Venue

3.1     Venue in this case is proper in the Western District of Texas because the crash occurred in the geographic area encompassed by the Western District of Texas and, more specifically, the Austin Division. 28 U.S.C. § 1391(a)(2). Further, SEER is deemed to reside in the Western District of Texas and in the Austin Division specifically.

## IV. Factual Background

4.1     On or about January 4, 2016, SEER employee and driver Philip Lee John, Jr. ("JOHN") was operating a SEER owned/controlled pickup and truck.

4.2     JOHN departed his lane of travel and struck a vehicle being operated by Jessie L. Davis.

4.3     JOHN was legally intoxicated under Texas law at the time of the crash.

4.4     The crash occurred wholly in JESSIE L. DAVIS' lane and shoulder.

4.5     The Texas Department of Public Safety ("TEXAS DPS") investigated the crash.

4.6     TEXAS DPS identified JESSIE L. DAVIS' vehicle as Unit 3, JOHN's pickup as Unit 1 and JOHN's trailer as Unit 2.

4.7     TEXAS DPS' opinion as to what happened is as follows:

```
            Investigator's Narrative Opinion of What Happened
                  (Attach Additional Sheets if Necessary)
Unit 3 was traveling south on SH-304.  Unit 1 was traveling
north on SH-304 towing Unit 2.  Driver of Unit 1 was intoxicated
and drove into the southbound lane striking Unit 3 in the left
distributed side with Unit 1's left distributed side. Unit 2's
front left struck Unit 3 then Unit 2 jackknifed into Unit 1.
Unit 3 came to rest partially in the southbound lane and the
west bar ditch facing southeast.  Unit 1 came to rest  partially
in the northbound lane and east bar ditch facing northwest. The
driver of Unit 3 was killed as a result of the crash and
critically injured the back left passenger.  Driver of Unit 1
did not have proper class of CDL. Report is still pending blood
results from the DPS Crime Lab.
```

4.8     SEER was the owner of the trailer and pickup truck operated by JOHN.

4.9     SEER entrusted the trailer and pickup truck to JOHN on the morning of January 4, 2016.

4.10    JOHN was operating in the course and scope of his employment with SEER.

4.11    JOHN was earning wages from SEER at the time of the crash.

4.12    JOHN did not have the proper class of CDL under Texas law to operate the truck and trailer combination.

4.13    TEXAS DPS found "Under Influence – Alcohol" as a contributing factor attributed to JOHN.

4.14   TEXAS DPS found "Wrong Side – Not Passing" as a contributing factor attributed to JOHN.

4.15   TEXAS DPS listed no contributing factors for JESSIE L. DAVIS.

4.16   JESSIE L. DAVIS was wearing her seatbelt.

4.17   JESSIE L. DAVIS saw the SEER vehicle come into her lane.

4.18   JESSIE L. DAVIS suffered injuries before she died.

4.19   JESSIE L. DAVIS suffered pain before she died.

4.20   JESSIE L. DAVIS suffered conscious pain and suffering before she died.

4.21   JESSIE L. DAVIS suffered before ultimately dying as a result of her injuries.

4.22   JESSIE L. DAVIS leaves behind her husband, Robert Davis, with whom she was very close.

4.23   JESSIE L. DAVIS leaves behind her mother, Joyce L. Davis with whom she was very close.

4.24   SEER hired JOHN.

4.25   SEER employed JOHN.

## V. CAUSES OF ACTION AGAINST DEFENDANT SEER

**A.   Negligence**

5.1   SEER had a duty under Texas law to act as a reasonably prudent employer.

5.2   Within this duty, SEER had a responsibility to act reasonably in the hiring, retention, training and supervision of its employees such as JOHN.

5.3   As a vehicle owner, SEER had a responsibility to not entrust a vehicle to a driver it knows or should know is unlicensed, incompetent or unsafe.

5.4   JOHN was a not a safe employee.

5.5 JOHN was not a safe driver.

5.6 For under $10 and the completion of a form to the TEXAS DPS, the following would have been revealed regarding JOHN's driving history:

**EVENT HISTORY** — This section displays information relating to convictions, crash involvement, safety courses completed, out-of-state surrendered license history and education program certificates.

| | | | | | | |
|---|---|---|---|---|---|---|
| **EVENT 1** | CONVICTION | RAN RED LIGHT | | | | |
| Offense Date: | 06/18/2015 | Conviction Date: | 07/08/2015 | | | |
| City: | VICTORIA | State: | TX | Court Name: | Municipal Court (offense = Texas Court) | |
| Case/Cause/Docket No: | 0150026963 | | | | | |
| CMV: | NO | HAZMAT: | NO | CDL: | NO | |
| **EVENT 2** | CONVICTION | SPEEDING EQUAL TO OR GREATER THAN 10% ABOVE POSTED LIMIT | | | | |
| Offense Date: | 06/10/2015 | Conviction Date: | 07/07/2015 | | | |
| City: | CUERO | State: | TX | Court Name: | Municipal Court (offense = Texas Court) | |
| Case/Cause/Docket No: | 0000731301 | | | | | |
| CMV: | NO | HAZMAT: | NO | CDL: | NO | |
| **EVENT 3** | COURSE | DRIVING SAFETY COURSE | | | | |
| Offense Date: | 03/17/2015 | Completion Date: | 06/26/2015 | | | |
| | | County: | KARNES | Court Name: | Justice of the Peace Court (offense = Texas Court) | |
| Case/Cause/Docket #: | 0000009011 | | | | | |
| **EVENT 4** | CONVICTION | SPEEDING EQUAL TO OR GREATER THAN 10% ABOVE POSTED LIMIT | | | | |
| Offense Date: | 05/13/2014 | Conviction Date: | 11/05/2014 | | | |
| City: | CUERO | State: | TX | Court Name: | Municipal Court (offense = Texas Court) | |
| Case/Cause/Docket No: | 0000462201 | | | | | |
| CMV: | NO | HAZMAT: | NO | CDL: | YES | |
| **EVENT 5** | CONVICTION | WRONG SIDE OF ROAD | | | | |
| Offense Date: | 10/28/2013 | Conviction Date: | 11/22/2013 | County: | DEWITT | |
| | | State: | TX | Court Name: | Justice of the Peace Court (offense = Texas Court) | |
| Case/Cause/Docket No: | 0013-18743 | | | | | |
| CMV: | NO | HAZMAT: | NO | CDL: | YES | |
| **EVENT 6** | CRASH | INCAPACITATING INJURY | | | | |
| Accident Date: | 10/28/2013 | Case Number: | 0013523638 | | | |
| | | State: | TX | County: | DEWITT | |
| CMV: | NO | HAZMAT: | NO | | | |
| Citation: | CITATION ISSUED - NO DISPOSITION | | | | | |

5.7     SEER either failed to investigate JOHN's driving history or investigated it and hired him to drive a truck for SEER, including entrusting the vehicle to him.

5.8     A reasonably prudent employer would not have hired JOHN in a position that would allow him to operate a motor vehicle.

5.9     SEER also failed to train JOHN regarding CDL requirements, or it trained JOHN and permitted him to drive a truck-trailer combination without the proper CDL license.

5.10    Due to JOHN's history and conduct, SEER negligent retained JOHN.

**B.    Gross Negligence**

5.11    The above facts, which are incorporated below, more than satisfy the gross negligence standard in Texas such that SEER is liable for punitive damages for its grossly negligent employment, retention and entrustment.

5.12    SEER is responsible for the acts and omissions of its employees, including JOHN.

5.13    SEER at the time of its employment and retention of JOHN, knew objectively that this involved an extreme degree of risk to the motoring public.

5.14    SEER had actual and subjective awareness of the risk involved but nevertheless employed JOHN, retained JOHN and entrusted a vehicle to JOHN.

## VI. DAMAGES

**A.    Plaintiffs' Damages**

6.1     As a result of JESSIE L. DAVIS' death, Robert Davis, asserts a survival action against Defendant and seeks to recover all damages permitted by law including conscious physical pain and mental anguish suffered by JESSIE L. DAVIS prior to her death.

6.2     As a result of JESSIE L. DAVIS' death, Plaintiffs assert a wrongful death action against Defendant SEER and seek to recover all damages permitted by law including, pecuniary loss, mental anguish, loss of companionship and society, loss of care and maintenance, support, services, advice, counsel, and contributions of a pecuniary value.

6.3     Plaintiffs seek pre-judgment and post-judgment interest at the highest rate allowed by law.

## PRAYER

Plaintiffs pray that Defendant SEER be cited to appear and answer herein, that this cause be set down for trial before a jury, and that Plaintiffs recover judgment of and from the Defendant for their actual damages in such amount as the evidence may show and the jury may determine to be proper, together with pre-judgment interest, post-judgment interest, costs of suit, and such other and further relief to which they may show themselves to be justly entitled.

Respectfully submitted,

Stuart R. White
(Lead Attorney)
TX Bar No. 24075268
swhite@lilesharris.com
LILES HARRIS PLLC
500 N. Water Street, Suite 800
Corpus Christ, TX 78401
Ph:   (361) 826 0100
Fax: (361) 826 0101

**OF COUNSEL:**

**LILES HARRIS PLLC**

Kevin W. Liles
State Bar No. 00798329
kevin@lilesharris.com
Bryan K. Harris
State Bar No. 09054700
bkharris@lilesharris.com
500 N. Water Street, Suite 800
Corpus Christ, Texas 78401
Ph:   (361) 826 0100
Fax: (361) 826 0101